1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

LAURA AVILEZ, and ROES 1-50, on
behalf of themselves and in a
11    representative capacity for all others
similarly situated,
12

13                                    Plaintiffs,

vs.
14

OMNICARE, INC. and DOES 1-50,
15    inclusive,

16                                    Defendants.

CASE NO. 14cv409 GPC(JMA)

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND TO STATE
COURT**

[Dkt. No. 5.]

17

18         Before the Court is Plaintiff's motion to remand to state court.  (Dkt. No. 5.)

19    Defendant filed an opposition on May 9, 2014.  (Dkt. No. 9.)  A reply was filed on May

20    16, 2014.  (Dkt. No. 10.)  Based on the briefs, supporting documentation, and the

21    applicable law, the Court GRANTS Plaintiff's motion to remand.

22                                    **Background**

23         Plaintiff Laura Avilez ("Plaintiff") brought a putative class action case against

24    Defendant Omnicare, Inc. ("Defendant") in state court on January 17, 2014.  (Dkt. No.

25    1-1, N. of Removal, Compl.)  Plaintiff alleges wage and hour causes of action for

26    failure to pay wages and overtime compensation; failure to provide rest periods and

27    proper meal periods or compensation; failure to timely pay wages due at termination;

28    unfair business practices; failure to provide accurate wage statements; declaratory

1    relief; accounting; and injunctive relief.  (Id.)

2        On February 21, 2014, Defendant filed a notice of removal to this Court

3    pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), § 1441 and

4    § 1446.  (Dkt. No. 1.)  In her motion, Plaintiff seeks to remand the case back to state

5    court arguing that Defendant has failed to demonstrate the amount in controversy

6    exceeds $5,000,000.

7                                    **Discussion**

8    **A.       Motion to Remand/Amount in Controversy**

9        Federal courts have original jurisdiction over class actions where 1) any member

10   of the plaintiff class is diverse from any defendant; 2) the proposed class contains 100

11   or more putative class members; 3) and the amount in controversy exceeds the "sum

12   or value of $5,000,000, exclusive of interest and costs."   28 U.S.C. § 1332(d);

13   Rodriguez v. AT & T Mobility Servs., LLC, 728 F.3d 975, 978 (9th Cir. 2013).

14   Plaintiff moves on the third factor alleging that Defendant failed to demonstrate the

15   $5,000,000 amount in controversy by a preponderance of the evidence.  Defendant

16   contends that it has met its burden to demonstrate the amount in controversy.

17       "A defendant seeking removal of a putative class action must demonstrate, by

18   a preponderance of evidence, that the aggregate amount in controversy exceeds the

19   jurisdictional minimum. This standard conforms with a defendant's burden of proof

20   when the plaintiff does not plead a specific amount in controversy." Rodriguez, 728

21   F.3d at 981; Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006).

22   A preponderance of the evidence standard requires a defendant to "provide evidence

23   establishing that it is 'more likely than not' that the amount in controversy exceeds that

24   amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)

25   (citation omitted).  This burden is not "daunting," and the removing defendant is not

26   obligated to "research, state, and prove the plaintiff's claims for damages." McCraw

27   v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994). "Specifically, the removing

28   defendant must establish the amount in controversy by "[t]he greater weight of the

1    evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the

2    mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial

3    mind to one side of the issue rather than the other." Lowery v. Alabama Power Co.,

4    483 F.3d 1184, 1209 (11th Cir. 2007) (citations omitted).

5          The removing defendant bears the burden of proof. Abrego Abrego, 443 F.3d

6    at 678. The court looks at the amount in controversy at the time of the filing of the

7    complaint and the ultimate inquiry is what amount is put "in controversy" by the

8    plaintiff's complaint, not what a defendant will actually owe. Rippee v. Boston Market

9    Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

10         "[T]he amount-in-controversy inquiry in the removal context is not confined to

11   the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir.

12   2004). In addition to the complaint, the court considers "facts presented in the removal

13   petition as well as any 'summary-judgment-type evidence relevant to the amount in

14   controversy at the time of removal.'" Id. (quoting Matheson v. Progressive Specialty

15   Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)).

16         Calculations that are based on speculation and conjecture are not sufficient to

17   meet the preponderance of the evidence standard. Fong v. Regis Corp., No. C 13-

18   04497 RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014); see also Lowdermilk v.

19   U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds,

20   Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013). A

21   removing defendant is required to set forth underlying facts to support key variables

22   used in their calculations. Andersen v. The Schwan Food Co., No. C 13-2362 PJH,

23   2013 WL 3989562, at *2 (N.D. Cal. Aug. 2, 2013) (citing Singer v. State Farm Mut.

24   Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)); Korn v. Polo Ralph Lauren Corp,

25   536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("a defendant must set forth the

26   underlying facts supporting its assertion that the amount in controversy exceeds the

27   statutory minimum"); Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992) (a defendant

28   must set forth the underlying facts supporting its assertion that the amount in

1  controversy exceeds the statutory minimum).

2  Here, the Complaint does not allege a specific amount in controversy and the

3  "preponderance of the evidence" standard applies. See Rodriguez, 728 F.3d at 978.

4  In order to demonstrate the amount in controversy, Defendant presents the declaration

5  of Sandy Koch, the Human Resources Director, who is familiar with Omnicare's

6  business operations and its record-keeping practices for employee personnel files.

7  (Dkt. No. 1-4, Koch Decl. ¶¶ 1-2.)  She reviewed payroll and personnel information to

8  Omnicare's California personnel who worked from January 17, 2010 through January

9  29, 2014 during the putative class period.  (Id. ¶ 6.)  She also "reviewed employment

10  start and end dates and rates of pay pertaining to all present and former employees

11  holding a non-exempt position as a dispensing pharmacist and/or pharmacy technician

12  and/or Order Entry Technicians during the putative class period."  (Id.)  Based on her

13  review, she assessed there are 448 putative class members.  (Id. ¶ 7.)  Koch conducted

14  calculations as to meal periods, rest periods, overtime pay, wage statement penalties,

15  waiting time penalties and attorneys' fees and came to a total amount in controversy

16  of $9,657,915.53.  (Id. ¶¶ 9-15.)

17  Plaintiff objects to Koch's declaration as rife with speculation and conjecture

18  which does not support the amount in controversy.  Plaintiff alleges that Koch's

19  calculations are not supported by any evidence or data and speculates as to the number

20  of actual violations that occurred and the specific amount of damages for each

21  potentially affected class member.  Defendant argues that it has provided sufficient

22  information to support its calculations.

23  Courts have held that assumptions without any supporting evidentiary support

24  is speculative and cannot be used to support an amount in controversy.  Roth v.

25  Comerica Bank, 799 F. Supp. 2d 1107, 1124 (C.D. Cal. Aug. 31, 2010) (granting

26  plaintiff's motion to remand holding that assumptions upon which defendant's

27  calculations were based were unsupported by summary judgment-type evidence under

28  preponderance of the evidence standard); Ray v. Nordstrom Inc., No. 2:11cv7277-JHN-

[14cv1409-GPC(JMA)]

1   CWx, 2011 WL 6148668 (C.D. Cal. Dec. 9. 2011) (granting motion to remand in wage

2   and hour case where Defendant did not support its assumptions with evidence under

3   preponderance of the evidence standard); see also De Leon v. NCR Corp., 2013 WL

4   503092 (N.D. Cal. Feb. 8. 2013) (granting the plaintiffs' motion to remand for failure

5   to meet the $5,000,000 amount in controversy due to lack of any evidence to support

6   numbers stated in HR's declaration under "legal certainty" standard).

7          In Roth, the defendant assumed the potential class members were owed 3 to 5

8   hours of overtime per work week.  Based on the approximate 65,413 weeks worked

9   during the class period multiplied by 3 or 5 hours and multiplying the resulting number

10  by $19.50, plaintiff's standard overtime wage, the defendant came to an unpaid

11  overtime range of $3,826,660 to $6,377,767.  Roth, 799 F. Supp. 2d at 1119.  The

12  complaint alleged "class member[s] regularly and/or consistently worked in excess of

13  eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of

14  forty (40) hours in a week."  Id. at 1124.  The court noted that the failure to pay

15  overtime allegation did not support defendant's assumption that the class members

16  routinely worked 3-5 hours of overtime per week without receiving overtime pay.  Id.

17  The Court concluded the calculations were speculative.  Id.  The same analysis and

18  conclusion applied to the other wage and hour causes of action.  Id.

19         Similarly, in Ray, the vice president for human resources operations provided

20  competent evidence as to the number of California hourly employees, their average

21  hourly wage, the number of hours worked per day and average days worked per pay

22  period.  Ray, 2011 WL 6148668 at 3.  However, defendant relied on a number of

23  assumptions.  For example, as to the claim for failure to pay regular and overtime

24  wages, defendant assumed that 1,500 out of 2,500 hourly employees did not receive

25  full compensation for all regular and overtime hours worked. Next, it assumed that

26  those 1,500 employees missed one hour of regular pay and one hour of overtime pay

27  per pay period.  Id.  Because the complaint only alleged that the defendant "failed to

28  pay 'all' California hourly employees at least some regular and overtime hours," the

1    court concluded that Defendant's contention that the purported class members missed

2    one hour of regular pay and one hour of overtime pay per pay period is not supported.

3    Id.

4           In this case, the Complaint alleges a "pattern and practice" of denying meal

5    breaks.  (Dkt. No. 1-1, Compl. ¶ 26.)

6           As to meal periods, Koch wrote:

7           Based on my review of the aforementioned data, I was able to
            determine the actual hourly rate of pay corresponding to each week
8           worked by a putative class member during the putative class period.
            Multiplying the rate of pay by one (1) to represent one hour's premium
9           pay for a missed meal period for each of those workweeks, and adding
            together the one hour's pay figures for every week that was worked by
10          the putative class member during the putative class period for all of the
            448 individual members of the putative class results in a total of
11          $2,097,027.35 for the putative class.

12

13   (Dkt. No. 1-4, N. of Removal, Koch Decl. ¶ 9.)

           First, Koch's declaration provides less facts or calculations than the other district
14
     court cases cited above that granted plaintiff's motion to remand.  Next, she improperly
15
     assumes that all employees missed one hour of rest period for every week during the
16
     purported class period.  This assumption is not supported by evidence or data and is
17
     not alleged in the complaint.  Moreover, she does not provide any evidence to support
18
     an hourly rate of pay, the number of hours worked per day, and the number of work
19
     weeks during the class period.
20
           Similar problems exist with Defendant's other calculations of Plaintiff's rest
21
     period as well as overtime pay.  As to overtime pay and rest period, Defendant
22
     improperly assumes that each class member worked one hour of overtime or missed
23
     one hour of rest period each week.  The complaint makes no such allegation.  As to
24
     wage statement penalties, Defendant improperly assumes that all of the putative
25
     members received inaccurate wage statements during every single pay period; however,
26
     the complaint merely alleges that Defendant knowingly failed to provide the putative
27
     class members with a true and accurate wage statement.  (Dkt. No. 1-1, Compl. ¶ 58.)
28
     Defendant has not shown that Plaintiff's complaint supports its assumptions and has

[14cv1409-GPC(JMA)]

not supported these assumptions with evidence.  See Ray, 2011 WL 6148668 at 3. Lastly, as to waiting time penalties, Defendant has not provided the "most recent hourly rate" and why that rate was used to support its calculations.  Accordingly, the Court concludes that Defendant has not shown by a preponderance of the evidence that the $5 million amount in controversy is met.

**B.     Attorneys' Fees and Costs**

Plaintiff requests attorneys' fees and costs for improper removal under 28 U.S.C. § 1447(c).  "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  Id.  The Court concludes that there was not a lack of an objectively reasonable basis by Defendants to seek removal.  Accordingly, the Court DENIES Plaintiffs' request for attorneys' fees and costs.

<strong>Conclusion</strong>

Based on the above, the Court GRANTS Plaintiff's motion to remand to state court.  The Court also DENIES Plaintiffs' request for attorney's fees and costs.  The Court vacates the hearing set for **May 30, 2014.**

IT IS SO ORDERED.


DATED:  May 27, 2014


HON. GONZALO P. CURIEL
United States District Judge